UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


MICHAEL E. KAUFFMAN,

      Plaintiff,

v.                                Case No. 05-70521

COMMISSIONER OF                  Honorable Patrick J. Duggan
SOCIAL SECURITY,

      Defendant.

_____/


## OPINION AND ORDER

At a session of said Court, held in the U.S.
District Courthouse, City of Detroit, County of
Wayne, State of Michigan, on December 20, 2005.

PRESENT:       THE HONORABLE PATRICK J. DUGGAN
                       U.S. DISTRICT COURT JUDGE

On February 9, 2005, Plaintiff Michael E. Kauffman filed suit in this Court after

Plaintiff's application for Social Security Disability benefits was denied for lack of disability.

On July 5, 2005, Defendant filed a Motion to Dismiss Plaintiff's Complaint alleging that

Plaintiff failed to file his request for review of the Administrative Law Judge's Decision

within the sixty day period after the presumptive receipt of notice.  In a letter dated

December 1, 2004, the Appeals Council informed Plaintiff that it had denied his request for

review and that he had the right to commence a civil action within sixty days from the time

he received the letter.  The letter also stated that Plaintiff would be presumed to have

received the letter five days after the date stamped on the letter.  Thus, to be considered

timely, Plaintiff had to have filed his complaint by February 4, 2005.

On August 8, 2005, Plaintiff filed a Response to Defendant's Motion,[1] admitting that

the Complaint was late, but asking the Court to find good cause for the late filing because

Plaintiff's counsel's support staff relied on the wrong date in calculating the time to file and

deny Defendant's Motion to Dismiss.  Alternatively, Plaintiff asks the Court to dismiss the

case without prejudice because Plaintiff's counsel "had requested an extension from the

Appeals Council."  (Pl.'s Resp. at 1).  The matter was referred to Magistrate Judge Wallace

Capel, Jr.

On October 31, 2005, Magistrate Judge Capel filed a Report and Recommendation

("R&R") recommending that, although Plaintiff is not entitled to a finding of good cause for

his counsel's mistake, in the interest of fairness to Plaintiff, Plaintiff's Complaint should be

dismissed without prejudice.

On November 28, 2005, Plaintiff filed Objections to the Magistrate Judge's Report and

Recommendation.[2]  According to Plaintiff, since filing the Response, the Appeals Council

has denied Plaintiff's request for an extension of time to file a civil action for court review.

(Pl.'s Objs. At 3).  On August 15, 2005, Plaintiff requested reconsideration of the Appeals

Council's decision, however, the Appeals Council has not yet ruled on Plaintiff's motion.

Therefore, Plaintiff asks the Court to find good cause for the late filing of the Complaint and

---

[1] Plaintiff's Response was filed one day late.

[2] Again, Plaintiff's counsel filed the Objections one day late, after the Court had already granted a ten day extension, extended the time to file objections to the R&R to November 27, 2005.

deny Defendant's Motion to Dismiss.

First, while there is no dispute that Plaintiff's Complaint was not timely filed, Magistrate Judge Capel notes that Plaintiff's Complaint was not timely filed as it was not date-stamped as "Received" until "March 16, 2005." (R&R at 2). When Plaintiff filed his Complaint, on February 9, 2005, he simultaneously filed an application to proceed without prepayment of filing fees. Because this Court did not grant Plaintiff's application to proceed without prepayment of filing fees until March 16, 2005, Plaintiff's Complaint was not entered until that date.

In the Sixth Circuit, limitations periods are equitably tolled during the pendency of motions to file *in forma pauperis*, or applications for appointment of counsel or to proceed without prepayment. *See, e.g.*, *Truitt v. County of Wayne*, 148 F.3d 644, 648 (6th Cir. 1998) (*in forma pauperis*); *Rice v. Chrysler Corp.*, 327 F. Supp. 80, 84 (E.D. Mich. 1971) (application for counsel and leave to proceed without prepayment of costs). However, despite the application of equitable tolling during the pendency of Plaintiff's application to proceed without prepayment of filing fees, Plaintiff filed his Complaint five days late.

20 C.F.R. § 404.911 states, in part:

(a) In determining whether you have shown that you had good cause for missing a deadline to request review we consider–

(1) What circumstances kept you from making the request on time;

(2) Whether our action misled you;

(3) Whether you did not understand the requirements of the Act resulting from amendments to the Act, other legislation, or court decisions; and

(4) Whether you had any physical, mental, educational, or linguistic limitations . . . which

3

prevented you from filing a timely request or from understanding or knowing about the need to file a timely request for review.

Plaintiff's counsel set forth the following explanation for the late filing in Plaintiff's Response:

> [T]he undersigned received this case for filing in Federal Court on or about February 3, 2005. On the Appeals Council denial notice there were two dates. One was the date of the denial, and the second was the date the denial was received by Disability Services, the prior representatives of the claimant. The undersigned's support staff calendared the denial as December 6, 2004 instead of December 1st.

(Pl.'s Resp. at 2-3).

In the R&R, Magistrate Judge Capel noted that he was not convinced that Plaintiff was entitled to a finding of good cause because Plaintiff did not provide a copy of the Notice of Appeals Council Action (NACA), which counsel contends contained two date stamps. (R&R at 4). Plaintiff's counsel, in the Objections, admits that she failed to attach a copy of the NACA to the Response but asks the Court to review the NACA attached to the Complaint.

The NACA attached to the Complaint contains two dates in the upper right corner: the "DEC – 1 2004" and "RECEIVED DEC 06 2004." The first date, December 1, 2004, is circled, although it is unclear whether the date was circled by an individual at Disability Services or by someone in counsel's office. However, because there were two dates on the NACA at the time counsel received the letter, and because counsel did not receive the letter until February 3, 2005 (Pl.'s Objs. at 2), the Court believes that Plaintiff has shown good cause for missing the filing deadline.

4

5

Accordingly,

     **IT IS ORDERED** that Defendant's Motion to Dismiss is **DENIED**.


                       s/PATRICK J. DUGGAN
                       UNITED STATES DISTRICT JUDGE

Copies to:

Magistrate Judge Wallace Capel, Jr.
Eva I. Guerra, Esq.
Janet L. Parker, A.U.S.A.